IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J.H., | : | |
| a minor, by and through his mother, L.H., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ROSE TREE MEDIA | : | |
| SCHOOL DISTRICT, | : | No. 17-4766 |
| Defendant. | : | |

## MEMORANDUM

Schiller, J.　　　　　　　　　　　　　　　　　　　　　　　　　　　　June 19, 2018

J.H. is a high school student with disabilities who is eligible for special education services. J.H., by and through his parent L.H., sued the Rose Tree Media School District under the Individuals with Disabilities Education Act ("IDEA") and Pennsylvania law. Plaintiffs challenge the decision of a special education hearing officer that J.H.'s actions in a physical altercation with another student did not constitute a manifestation of his disabilities under the IDEA. Plaintiffs seek to supplement the administrative record with a psychological evaluation that they were barred by the hearing officer from introducing at an administrative hearing regarding the incident. Because the hearing officer's decision to exclude the evidence was proper and Plaintiffs have not offered a sufficient justification for supplementing the record with the evaluation, the Court denies the motion to supplement the administrative record.

## I.　　BACKGROUND

J.H. is a fifteen year old who, at the time of the incident, was a ninth-grade student at Penncrest High School in the Rose Tree Media School District (the "District"). (Compl. ¶¶ 4, 9.) J.H. has been diagnosed with Attention Deficit Hyperactivity Disorder, as well as other

disabilities. (*Id.* ¶ 5.) Because of this, J.H. is considered a "child with a disability" under the IDEA, and has received special education services since the seventh grade. (*Id.* ¶¶ 6, 10.) Since the incident, J.H. has also been diagnosed with Major Depressive Disorder. (*Id.* ¶ 5.)

On March 1, 2017, J.H. attempted to play a prank on another student at lunch by pushing the student's face into his food. (*Id.* ¶ 15.) The student became upset and struck J.H.'s chest. (*Id.* ¶ 16.) In response, J.H. punched the student in the face, causing serious injuries including a concussion, a broken nose and eye socket, and blurred vision in one eye. (*Id.* ¶17; Def.'s Resp. to Pls.' Mot. to Suppl. the Admin. R. [Def.'s Resp.] at 1.)

The District suspended J.H. for ten days. (Compl. ¶¶ 5, 20.) It then held a manifestation determination meeting on March 7, 2017, as required by the IDEA, to determine whether J.H.'s action was a manifestation of his disabilities. (*Id.* ¶ 22.) The District determined that it was not. (*Id.* ¶ 24.)

On May 5, 2017, the District notified J.H.'s parent that it would proceed with a formal expulsion hearing on May 25, 2017. (*Id.* ¶ 25.) On May 19, J.H.'s parent requested an expedited due process hearing, pursuant to IDEA regulations, appealing the District's decision that the incident was not a manifestation of J.H.'s disabilities. (*Id.* ¶ 26.) A hearing was scheduled for July 18, 2017.

On Friday, July 14, 2017, four days before the hearing, Plaintiffs informed the District that they intended to introduce a psychological evaluation of J.H. describing his disabilities and symptoms, prepared by Dr. Jennifer Breslin (the "Breslin Report" or "Report"). (Pls.' Mot. for Leave to Suppl. the Admin. R. [Mot. to Suppl.] at 4; Compl. ¶ 30.) Plaintiffs informed the District that they had not yet received the Report. (Compl. ¶ 30(b).) Plaintiffs received the Report the day before the hearing and produced it to counsel for the District at approximately 11:20 p.m.

that night; counsel did not see the report until 6:20 a.m. on the morning of the hearing. (Mot. to Suppl. at 8; Def.'s Resp. at 4.)

At the hearing, the District objected to the introduction of the Report on the grounds that it was not disclosed in a timely manner. The hearing officer determined that Plaintiffs' last-minute disclosure unduly burdened the District and excluded the Report. (Def.'s Resp. at 6.) The hearing officer ultimately found that the District's manifestation determination was correct and that J.H.'s action was not a manifestation of his disabilities. (Mot. to Suppl. at 4.) Plaintiffs sued, alleging that the District failed to conduct an adequate manifestation determination in violation of the IDEA and Pennsylvania law. They then filed this motion, arguing that the hearing officer was wrong to exclude the Breslin Report and that the Court should allow them to supplement the administrative record with the Report. (*Id.*)

## II. DISCUSSION

### A. Judicial Review under the IDEA

The IDEA authorizes judicial review of administrative decisions under the statute. *See* 20 U.S.C. § 1415(i)(2)(A). A court reviewing an administrative decision: "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." § 1415(i)(2)(C).

Despite the statute's mandatory language, courts have consistently held that district courts have discretion to decide whether to admit additional evidence. *E.g.*, *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751 (3d Cir. 1995). In making the determination, courts must also keep in mind the "general framework of deference to state decision-makers that is dictated by the

IDEA." *Id.* at 758. The court must ensure that there is adequate justification for the admission of additional evidence; parties cannot be allowed to use the judicial review mechanism to "leapfrog the agency proceedings." *Antoine M. v. Chester Upland Sch. Dist.*, 420 F. Supp. 2d 396, 403 (E.D. Pa. 2006). Allowing a party to do so would render the administrative hearing "a mere formality [and] would thwart the notion of cooperative federalism enshrined by the IDEA." *Id.* at 402.

### B. The Breslin Report

#### 1. *The hearing officer's exclusion of the Breslin Report was proper.*

Plaintiffs challenge the hearing officer's decision to exclude the Breslin Report after the District objected to it as untimely. Plaintiffs assert that this decision was erroneous. They argue that "the IDEA, Pennsylvania law, and [the Pennsylvania Department of Education Office of Dispute Resolution's] procedures, read together, permit a hearing officer to exclude an expert's report only when a parent (1) possessed the completed report at least two days prior to an expedited due process hearing and (2) nonetheless failed to provide a copy of that report in advance of the hearing." (Mot. to Suppl. at 8 (citing 34 C.F.R. § 300.512(b); 22 Pa. Code § 14.162(k); Office for Dispute Resolution, Pa. Special Educ. Dispute Resolution Manual [ODR Manual] § 805 (2017), http://odr-pa.org/wp-content/uploads/pdf/Dispute-Resolution-Manual.pdf).)

The Court cannot square Plaintiffs' interpretation with the text of the cited regulations. It is true that 34 C.F.R. § 300.512(b) requires that "[a]t least five business days prior to a hearing," parties disclose all evaluations "completed by that date." This provision appears to leave open the possibility that a party may disclose evaluations not completed five business days prior to the hearing within less time. However, Pennsylvania regulations impose a stricter rule than the

4

federal regulations, as the IDEA allows. *See* 20 U.S.C. § 1407(a)(1). The relevant provision of the Pennsylvania Code states: "A party may prohibit the introduction of evidence at the [due process] hearing that has not been disclosed to that party at least 5-business days before the hearing." 22 Pa. Code § 14.162(k). This language clearly refutes Plaintiffs' interpretation of the regulations. Simply put, under § 14.162(k), if a party does not disclose evidence at least five business days before the hearing, the evidence can be properly excluded.

Plaintiffs appear to be arguing that they "disclosed" the Report, in that they informed the District that they would be obtaining it, on July 14. (*See* Mot. to Suppl. at 8; Compl. ¶ 30(e).) That is not what it means to disclose evidence. Even if it were, the Report was still properly excluded because Plaintiffs did not inform the District about the Report until two business days prior to the hearing.

### 2. *Plaintiffs have not offered sufficient justification for the Court to admit the additional evidence.*

Although the IDEA directs courts reviewing administrative decisions to hear additional evidence at a party's request, courts cannot use this command to give parties "carte blanche" to introduce additional evidence beyond the administrative record. *Antoine M.*, 420 F. Supp. 2d at 402. A court may allow a party to supplement the record if the party "has presented a sufficient justification for not proffering the evidence at the administrative hearing." *Id.* at 403. One possible justification is that there was "an improper exclusion of evidence" at the hearing. *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 790 (1st Cir. 1984); *see also Antoine M.*, 420 F. Supp. 2d at 403.

Here, the hearing officer's decision to exclude the Breslin Report as untimely was proper under § 14.162(k), which clearly permits the exclusion of evidence disclosed less than five days before the due process hearing. Thus, Plaintiffs have not offered a sufficient justification for

5

introducing the Report. While the Court is sympathetic to Plaintiffs' argument that the Report would have provided valuable insight regarding J.H.'s disabilities, allowing Plaintiffs to introduce the Report would undermine Pennsylvania regulations and "thwart the notion of cooperative federalism enshrined by the IDEA." *Antoine M.*, 420 F. Supp. 2d at 402.

Moreover, Plaintiffs, who were represented by counsel, had more than six weeks from the time they requested the hearing to produce such a report, but failed to do so until the night before the hearing. Plaintiffs have not offered an explanation for the delay. Under these circumstances, allowing the Report to be introduced at the hearing would have been prejudicial to the District. Indeed, evidence submitted at the last minute is precisely the "type[] of evidence that courts might decide to exclude in a conventional civil proceeding." *Susan N.*, 70 F.3d at 790. Given all these considerations, it would be particularly inappropriate for the Court to second-guess the hearing officer's decision in this case.

### III. CONCLUSION

For the reasons discussed above, Plaintiffs' motion to supplement the administrative record is denied. An appropriate Order will be docketed separately.